IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| DEONTAE JAJUAN GIPSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 7:20-CV-096-O |
| | § | (NO. 7:18-CR-030-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Deontae Jajuan Gipson, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 7:18-CR-030-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On November 19, 2018, movant was named in a one-count information charging him with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). CR Doc.[1] 12. Movant and his counsel signed a waiver of indictment. CR Doc. 14. They also signed a factual resume setting forth the maximum penalties movant faced, the potential statutory enhancements under the Armed Career Criminal Act, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 15. In addition, they

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 7:18-CR-030-O.

signed a plea agreement, which gave notice of the same matters, noting that the plea was freely and voluntarily made without any guarantees or promises from anyone as to what sentence might be imposed, and that movant had thoroughly reviewed the legal and factual aspects of the case with his counsel and was fully satisfied with the representation provided him. CR Doc. 17. Movant consented to the administration of the guilty plea and allocution by the United States Magistrate Judge. CR Doc. 18.

On November 27, 2018, movant appeared before the Magistrate Judge to enter his plea of guilty. CR Doc. 41. He testified under oath that: he and his attorney had discussed the charges and how the sentencing guidelines might apply; the Court would not be bound by the stipulated facts; he waived the right to be indicted by a grand jury; no promises or threats had been made to induce him to waive the indictment or to plead guilty; he had read and understood the information; he understood the essential elements of the offense and admitted that he committed all of them; he was fully satisfied with the representation of his attorney; he had read, understood, and discussed with counsel the plea agreement before signing it; he read and understood the factual resume before signing it and all the facts stated therein were true and correct. *Id.* The Magistrate Judge recommended that the plea be accepted. CR Doc. 20. No objections were filed and the Court accepted the recommendation. CR Doc. 23.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 20. CR Doc. 24, ¶ 21. He received a two-level increase for a stolen firearm, *id.* ¶ 22, and a four-level increase because the offense was committed in connection with another felony offense. *Id.* ¶ 23. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 29, 30. Based on a total offense level of 23 and a criminal

history category of IV, movant's guideline imprisonment range was 70 to 87 months. *Id.* ¶ 74. Movant filed objections to the PSR, CR Doc. 25, and the probation officer prepared an addendum supporting the PSR as written. CR Doc. 28.

The Court sentenced movant to a term of imprisonment of 70 months. CR Doc. 33. He did not appeal.

## II. GROUNDS OF THE MOTION

Movant asserts three grounds in support of his motion. Doc.[2] 3. Movant alleges that he is actually innocent, that his plea was involuntary, and that he suffered a due process violation because he was not made aware of the "knowing" requirement mandated by *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Id.* at 7.

## III. APPLICABLE LEGAL STANDARDS

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v.*

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

3

*Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## IV. ANALYSIS

As the government notes, movant has procedurally defaulted his claims because he failed to raise them on appeal. A movant may not raise an issue for the first time on collateral review without showing both cause and prejudice or actual innocence. *Bousley v. United States*, 523 U.S. 614, 622–23 (1998). Movant makes no attempt to show cause and prejudice.[3] And, he misunderstands his burden to show actual innocence. "Actual innocence" means factual innocence, not merely legal insufficiency. *Bousley*, 523 U.S. at 623. To meet his burden, movant must show that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999). He cannot meet that burden because the record reflects that movant knew he was a felon at the time he illegally possessed a firearm. He admitted in his factual resume that he had been convicted in courts of multiple crimes punishable by imprisonment for a term in excess of one year. CR Doc. 15 at 2. Further, he testified under oath that the facts set forth in the factual resume were true. CR Doc. 41. As recognized by the Fifth Circuit, convicted felons typically know that they are convicted felons. *United States v. Lavalais*, 960 F.3d 180, 184 (5th Cir. 2020).

---

[3] That the law in the Fifth Circuit at the time of movant's conviction was contrary to *Rehaif* does not excuse his failure to raise the issue. *Bousley v. United States*, 523 U.S. 614, 623 (1998)(futility does not constitute cause).

## V.  CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 20th day of August, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**